IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR ORTIZ<br>Plaintiff<br>vs<br>UNITED PARCEL SERVICE, INC.<br>Defendant | CIVIL 09-1410CCC |

**OPINION AND ORDER**

     Before the Court is a petition for review of an arbitration award finding that employer United Parcel Services, Inc. (UPS) was justified when it discharged plaintiff Víctor Ortiz from his employment. UPS filed a Motion for Summary Judgment (**docket entry 3**), which plaintiff opposed (docket entry 8) and to which UPS replied (docket entry 14). Plaintiff's Union, the Unión de Tronquistas de Puerto Rico, Teamsters Local 901, took his grievance for unfair discharge all the way through arbitration proceedings with UPS. The arbitrator issued an award in favor of the employer. The Union chose not to seek judicial revision of the award. Plaintiff, the aggrieved employee then filed his own action for judicial revision in local court, whereupon UPS removed it to this Court. An individual employee, represented by a union, generally does not have standing to challenge, modify or confirm an arbitration award because he was not a party to the arbitration. Brandt v. Bell Atlantic Maryland Incorporated, 288 F.3d 124, 131 (4th Cir. 2002).

     A threshold issue raised by UPS in its Motion for Summary Judgment is Ortiz' lack of standing to challenge the arbitration award in this Court. The Supreme Court in Vaca v. Sipes, 386 U.S. 171, 182 (1967) observed that "the collective bargaining system . . . of necessity subordinates the interests of an individual employee to the collective interest of all employees in a bargaining unit." It again acknowledged, as it had in Steele v. Louisville & N.R. Co., 323 U.S. 192, 198-199 (1944), that the grant of power to a union to act as exclusive collective bargaining representative brought a corresponding reduction in the

CIVIL 09-1410CCC                                  2

individual rights of the employees so represented. Id., at 182. As a rule the collective bargaining agreement provides for the final, binding resolution of labor disputes through grievance procedures in which the union fairly represents the aggrieved employee. See, United Paperworkers Int'l. Union v. Misco, Inc., 484 U.S. 29, 36-38 (1987). In Vaca, supra, at 185, the court referred to two situations in which the employee should not be limited to the exclusive remedial procedures established by the contract, to wit: (1) when the conduct of the employer amounts to a repudiation of the contractual provisions, and (2) when the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's **wrongful** refusal to process the grievance.

A significant decision recently handed down by the First Circuit in Ramírez v. International Shipping Agency, Inc., 593 F.3d. 124, 131 (1st Cir. 2010), citing Harris v. Chem Leaman Tank Lines, Inc., 437 F.3d. 157, 171 (5th Cir. 1971), addresses the exceptions to the general prohibition stating that "courts have not allowed employees to challenge the underlying merits of arbitration awards by way of Section 301 absent circumstances that have impugned the integrity of the arbitration process, for instance, 'fraud, deceit or breach of the duty of fair representation or unless the grievance procedure was a sham; substantially inadequate or substantially unavailable.'" (Our emphasis.) The settled principle consistently applied by courts is that the union or the employer, as parties to the collective bargaining agreement, may sue to vacate a final award claiming that the issue submitted was not arbitrable or that the arbitrator exceeded the scope of his authority. The individual employee, however, may not do so except on the grounds indicated above. See, e.g., Katir v. Columbia University, 15 F.3d. 23, 24-25 (2nd Cir 1994), (holding that if there is no claim that the union breached its duty of fair representation an individual represented by a union lacks standing to challenge an arbitration award issued in a proceeding in which the union and the employer were parties); Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d. 124, 131 (4th Cir. 2002); Shores v. Peabody Coal Co., 831 F.2d 1381, 1383 (7th Cir. 1987). Petitioner Ortiz has

CIVIL 09-1410CCC                                  3

situated himself in the position of an individual employee who, on his own, challenges the unfavorable award before the district court on review, but has failed to allege that the integrity of the arbitration process was vitiated by fraud, deceit or by the union's breach of its duty to fairly represent him.

The courts have been very clear that only when an employee seeks to **defend against a suit seeking to vacate an arbitration award** favorable to the union [on his behalf] and the union acquiesces to the employee's action, may the individual employee litigate in defense of the favorable award.  See, Martin v. Youngstown Sheet & Tube Company, 911 F.2d 1239, 1244 (7th Cir. 1990).  See, also, Sanders v. Pechiney Rolled Products, LLC, 259 F. Supp. 2d 463, 468 (S.D.W.Va. 2003); International Brotherhood of Teamsters v. J.F.Partyka & Sons, Inc., 176 F.R.D. 429 (D.Mass. 1997); Serrano v. Delmonico's Hotel, 1992 WL 251447 (S.D.N.Y. 1992).  That is, a unionized employee may participate in a litigation to review an arbitration award: (1) only to defend against a challenge brought by the employer to vacate an award favorable to the union under the Labor Management Relations Act, and (2) when the union chooses not to defend the favorable award yet consents to the employee's defense of the favorable award in court. Cannelton Industries, Inc. v. District 17, United Nine Workers of America, 46 F. Supp. 2d 500, 503 (S.D.W.Va. 1999).

Ortiz relies heavily on F. W. Woolworth Co. v. Miscellaneous Warehousemen's Union, Local 781, 629 F.2d 1204 (7th Cir. 1980), in which employees were allowed to pursue a judicial appeal from a district court's reversal of an arbitration award favorable to them. Woolworth, however, does not lend support to plaintiff's position and its facts are clearly distinguishable from those before us. In that case the arbitrator found in favor of the union; Woolworth then brought an action in district court against the union to vacate the arbitration award and the union opposed Woolworth's efforts, the district court set aside the award. The

CIVIL 09-1410CCC                                 4

union did not pursue the appeal but allowed the employees to do so in defense of the award. As explained in Woolworth:

> . . . under the system of collective bargaining mandated by the LMRA, the union (in contrast to the individual employees) is in control of the collective bargaining process and may, in the exercise of good faith and sound discretion, take employee grievances to various steps of the grievance procedure, including the ultimate step of arbitration, so long as it does not violate its statutory duty of fair representation. The grievance procedure as such reaches its culmination in the arbitration award. But in addition, individual employees may not intervene in or maintain suits under the collective bargaining agreement *to set aside* arbitration awards reached in pursuance of the grievance procedure, *particularly in opposition to the union*, so long as the union has represented the employee fairly. These principles, and the policies underlying them, reflect the philosophy of collective bargaining incorporated in the LMRA and exemplify the fundamental policy of entrusting labor disputes and grievances to the good faith discretion of exclusive bargaining agents.
>
> The instant case, however, involves neither attempted individual employee intervention in the grievance procedure nor efforts by individual employees *to set aside* the ultimate result of the grievance procedure, namely the arbitration award. Here we have a situation where the grievance procedure has culminated in an arbitration award, which Woolworth has sought to vacate through an action under §301 of the LMRA. The Union has opposed Woolworth's efforts in the district court. The record is bereft of any evidence that, in failing to prosecute an appeal from the order of the district court setting aside the award, the Union is seeking to carry out any collective bargaining policy or strategy.

Id., at 1210. (Emphasis in the original.) (Citations omitted.)

In Ramirez, supra, at 133, our Circuit clearly set forth the teachings of Vaca: (1) without proof of union misconduct the arbitration process has not been jeopardized; and, therefore, the employee cannot bring an action to review the merits of his grievance; but (2) if there is proof of employer misconduct, such as fraud or deceit, that repudiates the CBA provisions and impugns the integrity of the arbitration process, then the individual employee can bring a Section 301 suit against the employer for breach of contract.

Since petitioner as an individual employee is not allowed to challenge the merits of an arbitration award by way of Section 301 unless there are circumstances that have

CIVIL 09-1410CCC					5

impugned the integrity of the arbitration process, such as fraud or breach of duty of fair representation, which are not present in this case, his petition to vacate the award is DISMISSED.  The Motion for Summary Judgment (**docket entry 3**) filed by the employer for lack of standing is GRANTED. Judgment will be entered accordingly.

    SO ORDERED.

    At San Juan, Puerto Rico, on July 16, 2010.

                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge